ROBERT S. LARSEN, ESQ.
Nevada Bar No. 7785
DAVID T. GLUTH, II, ESQ.
Nevada Bar No. 10596
GORDON REES SCULLY MANSUKHANI, LLP
300 South Fourth Street, Suite 1550
Las Vegas, Nevada 89101
Telephone: (702) 577-9300
Direct: (702) 577-9301
Facsimile: (702) 255-2858
E-Mail: rlarsen@grsm.com
dgluth@grsm.com
*Attorneys for Freud America, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALEX BLINCOE, an individual resident of Washoe County, State of Nevada;<br><br>Plaintiff,<br><br>vs.<br><br>FREUD AMERICA, INC., a North Carolina Corporation; ROE ENTITIES 1 – 10; and DOES 1 – 10;<br><br>Defendants. | Case No.: 3:18-cv-00200-HDM-WGC<br><br>**JOINT STIPULATION AND ORDER TO STAY DISCOVERY**<br><br>**(FIRST REQUEST)** |

Plaintiff ALEX BLINCOE ("Plaintiff"), by and through its attorneys of record, Patrick Millsap, Esq. of Wallace & Millsap, LLC, and Defendant FREUD AMERICA, INC. ("Defendant"), by and through its attorneys of record, Gordon Rees, LLP, hereby stipulate and agree to stay discovery in order to complete mediation pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule 7-1 as follows:

1. This is a products liability case where Plaintiff alleges that metal cut-off wheel "exploded causing a piece of the wheel to fly under Plaintiff's glasses into his left eye." (ECF No.1-2, ¶9). Plaintiff alleges he suffered "severe injury to his left eye requiring extensive operations and procedures to repair the damage." (ECF No.1-2, ¶ 10). Plaintiff alleges he "will be permanently and legally blind in his left eye for the entirety of this life."( ECF No.1-2, ¶ 11).

-1-

2. The parties have been actively engaging in discovery. Defendant propounded written discovery on Plaintiff and responses are currently due on or about August 16, 2018. Plaintiff has undergone extensive medical treatment related to this accident. On July 13, 2018, Defendant subpoenaed medical records from Renown Hospital, Sierra Eye Associates, Northern Nevada Medical Center, UC Davis Health Systems and Nevada Eye Consultants. Defendant has received responses from some but not all of the medical providers and is still gathering those records. On July 25, 2018, Defendant sent a second subpoena to Renown Hospital in order to inspect the foreign body removed from the Plaintiff. Defendant noticed a Rule 34 inspection of the tool that was being used and intends to inspect site where the accident happened. Defendant has also noticed the deposition of Plaintiff and Plaintiff's wife for August 28, 2018. Defendant intends to complete the inspections and depositions.

3. Since the initial Rule 26 conference on June 1, 2018, the parties continued to confer about possibility of resolution including alternative dispute resolution with a private mediator. On July 23, 2018, the parties agreed to mediate after the completion of the above-referenced discovery. On July 28, 2018, the parties agreed to mediate with retired Judge Brent Adams. The mediation is scheduled for October 16, 2018. This is the first available date for all parties and the mediator.

4. The Joint Discovery Plan and Scheduling Order was entered on June 22, 2018. (ECF No. 9). The current deadline for initial expert's reports is September 6, 2018. *Id*. The current close of discovery is set for November 5, 2018. *Id*.

5. The parties agree that it is in the best interest of all parties to await the completion of mediation before incurring the time and expense of additional discovery beyond the pending discovery identified in paragraph 2, including the expense associated with disclosing experts and producing expert reports. Additionally, because of the nature of this case, it is anticipated that several experts will be needed including liability and medical experts.

6. Federal district courts have "wide discretion in controlling discovery." *Little v. City of Seattle,* 863 F.2d 681, 685 (9th Cir. 1988). Pursuant to Federal Rule of Civil Procedure

Gordon Rees Scully Mansukhani, LLP
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101

26(c), this Court may make any order which justice requires "to protect a party or person from annoyance, embarrassment, or oppression, or undue burden or expense…" *See also Turner Broadcasting Sys. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (holding that "[w]hether to grant a stay is within the discretion of the Court…").

7. Rule 1 of the Federal Rules of Civil Procedure provides that the federal rules of practice should be "construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." The parties agree that it would be burdensome to have the parties incur the expense of time-consuming and costly discovery prior to completing mediation which may cause impediment to settlement. The Ninth Circuit has further noted that it is firmly "committed to the rule that the law favors and encourages compromise settlements." *United States v. McInnes*, 556 F. 2d 436, 441 (9th Cir. 1977).

8. Staying any additional discovery beyond the pending discovery identified in paragraph 2, in this case is consistent with the spirit and intent of the Federal Rules of Civil Procedure. If a stay is not granted, the parties will be required to engage in and incur the costs of discovery which may not be necessary if the case settles.

///

///

///

///

///

///

1. 9. In order to preserve the parties' resources, and to allow meaningful mediation, the parties have agreed, subject to the Court's approval, to stay any additional discovery beyond the pending discovery identified in paragraph 2, including the deadline to disclose initial expert and disclose reports, until after the completion of the mediation on October 16, 2018. The parties further agree to vacate the current discovery deadlines and stipulate that they will submit a proposed discovery plan and scheduling order to reopen discovery seven (7) days after the completion of the mediation, if this case does not resolve.

DATED: August 2nd, 2018.

WALLACE & MILLSAP, LLC

/s/Patrick R. Millsap
F. McClure Wallace, Esq.
Nevada Bar No. 10264
Patrick R. Millsap, Esq.
Nevada Bar No. 12043
510 W. Plumb Lane, Suite A
Reno, NV 89509

*Attorneys for Plaintiff*

DATED: August 2nd, 2018.

GORDON & REES LLP

/s/ David T. Gluth
Robert S. Larsen, Esq.
Nevada Bar No. 7785
David T. Gluth, II, Esq.
Nevada Bar No. 10596
300 S. 4th Street, Suite 1550
Las Vegas, Nevada 89101

*Attorneys for Defendant*

### **ORDER**

IT IS SO ORDERED.

*William G. Cobb*
UNITED STATES MAGISTRATE JUDGE

DATED: August 3, 2018